IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN E. JAMISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 08-395-GMS |
| | ) |
| WARDEN PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

## I. INTRODUCTION

The plaintiff, Kevin E. Jamison ("Jamison") a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this civil rights action on June 30, 2008, pursuant to 42 U.S.C. § 1983 .[1]  (D.I. 2.)  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.  The court has jurisdiction pursuant to 28 U.S.C. § 1331.  Before the court are several motions filed by the parties.  (D.I. 12, 15, 17, 25, 28, 29, 31.)

## II. BACKGROUND

Jamison alleges deliberate indifference to serious medical needs.  He was released from prison in January 2009 and notified the court of his release on May 8, 2009.  (D.I. 25, 26.)  On the day he filed his change of address, Jamison also filed a motion for leave to proceed *in forma pauperis*, a motion to extend time to respond to pending motions filed by the defendants, and a request for counsel.  (D.I. 27, 28, 29.)  Since that time, he has taken no action in the case.  The

---

[1]"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

defendants Correctional Medical Services ("CMS") and Warden Phelps ("Phelps') move for dismissal on the grounds that Jamison failed to exhaust his administrative remedies, the complaint fails to state a claim upon which relief may be granted, and Jamison did not comply with the requisites for filing a medical negligence claim as required by Delaware law. (D.I. 12, 17, 18.) The defendant Tracy Wilkins ("Wilkins") moves to quash service of the summons and complaint. (D.I. 15.) Finally, the defendants CMS, Ronnie Moore ("Moore"), Wilkins, Lisa Deangelo Sugar ("Sugar"), Louise Desrosiers ("Desrosiers"), and Mehdy Zarandy ("Zarandy") (collectively "medical defendants") have filed two motions to dismiss for failure to prosecute. (D.I. 25, 31.)

## III. DISCUSSION

### A. Request for Counsel

Jamison requests counsel on the grounds that he:  (1)  does not know or understand the civil  process; (2) is without knowledge of civil law; (3) cannot accurately represent himself; and (4) will not receive a fair opportunity to present his claim without counsel.  (D.I. 29.)  Although a plaintiff does not have a constitutional or statutory right to an attorney,[2] a district court may seek legal representation by counsel for a plaintiff who demonstrates "special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting . . . from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir.

---

[2]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (Section § 1915(e)(1) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request."); *Tabron v. Grace*, 6 F.3d at 153 (no right to counsel in a civil suit).

1993)(citing *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (5) the degree to which the case turns on credibility determinations or expert testimony. *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

The court concludes that, at this time, requesting an attorney to represent Jamison is not warranted. This case is in its early stages, and many of the defendants have not been served. Additionally, as will be discussed, CMS and Phelps will be dismissed as defendants. For these reasons, the court will deny Jamison's request for counsel. (D.I. 29.)

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Jamison proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

-3-

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### 1. Administrative Remedies

CMS and Phelps argue that Jamison's claims against them fail because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").[3] (D.I. 12, 17, 18.)  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  The defendants have the burden of pleading and proving failure to exhaust administrative remedies as an affirmative defense in a § 1983 action.  *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  Exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

"'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard,* 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis,* 372 F.3d 218, 231 (3d Cir. 2004)).  A prisoner must complete the administrative review

---

[3]Phelps also moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1).

process in accordance with the applicable procedural rules in order to satisfy the exhaustion requirement of the PLRA. *Nickens v. Department of Corr.,* 277 F. App'x 148, 152 (3d Cir. 2008) (not published) (citing *Williams,* 482 F.3d at 639; *Spruill,* 372 F.3d at 228, 231). A futility exception to the PLRA's mandatory exhaustion requirement is completely precluded. *Banks v. Roberts,* 251 F. App'x 774, 776 (3d Cir. 2007) (not published) (citing *Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir. 2000).

The exhaustion requirement is absolute, absent circumstances where no administrative remedy is available. *See Spruill,* 372 F.3d at 227-28; *Nyhuis,* 204 F.3d at 67. A grievance procedure is not available, even if one exists on paper, if the defendant prison officials somehow prevent a prisoner from using it. *Mitchell v. Horn,* 318 F.3d 523 (3d Cir. 2003). If prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him. *Brown v. Croak,* 312 F.3d 109, 112-13 (3d Cir. 2002).

DOC administrative procedures provide for a multi-tiered grievance and appeal process. First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Grievance Resolution Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review. With regard to medical grievances, they are first forwarded to the medical services staff who attempt an informal resolution of the matter. If this fails, the grievance goes to the Medical Grievance Committee, which conducts a hearing. If the matter is still not resolved, the inmate may once again appeal. DOC Policy 4.4 (revised May 15, 1998).

CMS and Phelps point to the complaint wherein Jamison states that he did not fully exhaust his administrative remedies because he has "been denied due process by grievance board to avoid/delay [his] filing." (D.I. 2 ¶¶ II B, D.) The complaint also states that Jamison "submitted a grievance complaining about the delayed process, requesting a 3rd tier hearing. Instead [] Wilkins showed up, promising that she would personally make sure that [Jamison's] complaints were taken care of." (*Id.* at IV.) Finally, the complaint states that Jamison submitted numerous grievances. (*Id.*)

As stated in his complaint, Jamison acknowledges that there is a grievance process, and indicates that he did not utilize it fully. While he alleges that he was denied due process by the board "to avoid/delay" his filing, he does not allege that he was prevented from using the grievance process. *See Cosgrove v. Cappachella*, 325 F. App'x 52, 54 (3d Cir. 2009) (not published) (complaint properly dismissed for failure to exhaust administrative remedies where plaintiff stated in the complaint that there was a grievance system, he voluntarily declined to make use of it, and did not allege that he was prevented from using the grievance system.) Indeed, the complaint goes on to state that Jamison filed "numerous grievances." Finally, it appears from his statements that Jamison believed it was futile to proceed with the exhaustion process. Regardless, that does not excuse his failure to exhaust.

Jamison's failure to comply with the exhaustion requirement of § 1997e(a) necessitates dismissal of the claims against CMS and Welch. Jamison's failure to properly exhaust the issues he raises is fatal to his claims. "[I]t is beyond the power of this court . . . to excuse compliance

with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73. Therefore, the court will grant the motions to dismiss of CMS and Phelps as to this issue.[4]

### 2. Medical Negligence

To the extent Jamison alleges medical negligence pursuant to Delaware law, CMS and Phelps move for dismissal for Jamison's failure to comply with Delaware statutory requirements. In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Jamison neither submitted an affidavit of merit as to each defendant signed by an expert witness at the time he filed his complaint, as required by Delaware law, nor did he seek an extension of time to do so. 18 Del. C. § 6853(a)(1). Therefore, the court will grant CMS and Phelps' motions to dismiss as to this issue.

### C. Service

Wilkins moves to quash service of the summons and complaint on the basis that an unauthorized person accepted service on her behalf. (D.I. 15, exs. A, B.) At the time of service

---

[4]Because the court concludes that Jamison failed to exhaust the claims raised against CMS and Welch, it sees no need to address the alternative issue that Jamison's claims fail to state a claim upon which relief may be granted, although their motions on this issue are well-taken.

-8-

Jamison was an incarcerated individual and he relied upon the United States Marshal Service to effect service. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

The court will grant Wilkins' motion to quash service. (D.I. 15)  Inasmuch as an unauthorized person accepted service on Wilkins' behalf, Jamison will be given another opportunity to serve Wilkins.

### D.  Failure to Prosecute

The medical defendants have filed two motions to dismiss for failure to prosecute. (D.I. 25, 29.)  The court will deny the first motion, filed on April 16, 2009. (D.I. 25.)  Jamison filed three motions and a change of address subsequent to the filing of the motion.[5]  Hence, it cannot be said that, at that time, he took no action in the case. (D.I. 26, 27, 28, 29.)

Jamison has taken no action in this case since May 8, 2009.  Accordingly, as to the second motion for failure to prosecute (D.I. 29), the court will order Jamison to show cause why this case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41 and D. Del. LR 41.1, and why the defendants Moore, Sugar, Desrosiers, and Zarandy should not be dismissed for failure to serve.

## V.  CONCLUSION

For the above reasons the court will deny without prejudice Jamison's request for counsel and motion for an extension of time, will grant the motions to dismiss filed by CMS and Welch and the motion to quash filed by Wilkins, and will deny the first motion to dismiss for lack of

---

[5]One of the motions Jamison filed sought additional time to respond to defendants' motions. (D.I. 28.)  By the time he sought an extension, the motions had been pending for approximately five months.  The court will deny the motion without prejudice with leave to renew should Jamison opt to proceed with the prosecution of this case.

prosecution. (D.I.12, 14, 17, 25, 28, 29.)  The court will reserve its ruling on the second motion
to dismiss for lack of prosecution.  (D.I. 31.)

      An appropriate order will be entered.

_March 31_, 2010
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN E. JAMISON,                           )
                                            )
              Plaintiff,                    )
                                            )
      v.                                    ) Civ. Action No. 08-395-GMS
                                            )
WARDEN PHELPS, et al.,                      )
                                            )
              Defendants.                   )

**ORDER**

At Wilmington this 31st day of _____March_____, 2010, for the reasons set forth in

the Memorandum issued this date;

    1. The motion to dismiss filed by the defendant Correctional Medical Services is

**granted**. (D.I. 12.)

    2. The motion to quash service filed by the defendant Tracy Wilkins is **granted.** (D. I.

15.) The plaintiff is given leave to re-serve the defendant Tracy Wilkins.

    3. The motion to dismiss filed by the defendant Warden Phelps is **granted**. (D.I. 17.)

    4. The first motion to dismiss for lack of prosecution is **denied**. (D.I. 25.)

    5. The plaintiff's motion for an extension of time is **denied** without prejudice with leave

to renew should he determine to prosecute this case. (D.I. 28.)

    6. The plaintiff's request for counsel is **denied** without prejudice. (D.I. 29.)

    7. The court **reserves** its ruling on the second motion to dismiss for lack of prosecution.

(D.I. 31.) Within **thirty (30) days** from the date of this order, Jamison shall respond to the

medical defendants' motion to dismiss and show cause: (a) why this case should not be

dismissed for failure to prosecute Fed. R. Civ. P. 41 and D. Del. LR 41.1; and (b) why the

unserved defendants should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that:

1. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), the plaintiff shall complete and return to the Clerk of Court an **original** "U.S. Marshal-285" form for the defendant **Tracy Wilkins**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2) for service upon Tracy Wilkins. The plaintiff is notified that the United States Marshal Service ("USMS") will not serve the complaint until the "U.S. Marshal 285" form has been received by the Clerk of Court. **Failure to provide the "U.S. Marshal 285" forms for Tracy Wilkins and the attorney general within <u>THIRTY (30) DAYS</u> from the date of this order may result in the complaint being dismissed or Tracy Wilkins being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

2. Upon receipt of the form(s) required by paragraph 2 above, the USMS shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendant(s) so identified in each 285 form.

3. A defendant to whom copies of the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form have been sent, pursuant to Fed. R. Civ. P. 4(d)(1), has thirty days from the date of mailing to return the executed waiver form. Such a defendant then has sixty days from the date of mailing to file its response to the complaint, pursuant to Fed. R. Civ. P. 4(d)(3). A defendant residing outside this jurisdiction has an additional thirty days to return the waiver form and to respond to the complaint.

-2-

4. A defendant who does not timely file the waiver form shall be personally served and shall bear the costs related to such service, absent good cause shown, pursuant to Fed. R. Civ. P. 4(d)(2). **A separate service order will issue in the event a defendant does not timely waive service of process.**

CHIEF, UNITED STATES DISTRICT JUDGE